THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
WILLIAM R. LIGHT, Appellant, et al., Defendants.

Fourth Department, March 9, 1955.

*Charles J. McDonough, John S. McGovern, Donald J. Kohl-meier, Thomas P. Flaherty* and *Joseph D. Figliola* for appellant.

*John F. Dwyer, District Attorney* (*George H. Metz* and *Leonard Finkelstein* of counsel), for respondent.

KIMBALL, J. The defendant-appellant was convicted of the crime of rape in the first degree. The indictment charged rape in the first degree in one count and assault in the second degree in another. Two other counts were dismissed. There were four defendants named; the appellant, one Miller and two other men under the names of " Doe " and " Roe ". Only Miller and the

appellant were tried. Defendant Miller, who was also convicted, did not appeal. On this appeal, the defendant-appellant argues that the evidence was insufficient; that the testimony of the complainant was not corroborated in accordance with section 2013 of the Penal Law and that there were errors of law which require a reversal. Of the alleged errors of law, we think the most serious was what occurred or, more precisely, what did not occur upon the coming in of the jury to report their verdict. After the charge of the court, the jury retired at 12:10 p.m. The stenographic minutes then recite: " ( * * * and upon returning at 12:45 p.m., the following proceedings were held):

" The Clerk: Members of the jury, have you agreed upon a verdict? The Foreman: We have. The Clerk: How do you find? The Foreman: We find the defendants Miller and Light guilty of rape in the first degree."

The matter above quoted was all of the " proceedings " when the jury reported. The clerk's minutes disclose that the defendants and counsel were present. The only reference to the jury in such minutes is the notation: " The jury returns into court " and the further notation: " The jury says it finds the defendants William R. Light and Kenneth A. Miller guilty of Rape 1st degree."

The verdict in a criminal case must, of course, be unanimous. The court did not charge the jury that all twelve of the jurors had to agree in order to reach a verdict. Whether any of the jurors had previously served in civil cases and had been instructed on the five-sixth rule there applicable, we do not know. There is no statute which requires the court to instruct a criminal jury as to unanimity but it is good practice because of the different rule in civil cases. A failure to so instruct the jury might not be serious, however, provided two mandatory provisions in the Code of Criminal Procedure were carried out. The purposes of these sections (Code Crim. Pro., §§ 433, 451) are apparent and were clearly enacted as safeguards to a defendant tried for a crime.

Section 433 is as follows: " When the jury have agreed upon their verdict, they must be conducted into court by the officer having them in charge. Their names must then be called, and if all do not appear, the rest must be discharged without giving a verdict. In that event, the cause may be again tried, at the same or another term."

In this case, the defendant was not asked to waive the calling of the names of the twelve jurors and he did not do so. The record shows that their names were not called and that each

of those sworn to try the case did not answer to their names. In other words, by reason of the failure to follow the mandatory provision of the section, the record does not show that all twelve of the jurors returned into court when their foreman announced the verdict. The duty was laid upon the court to ascertain by a roll call that all were present and the record should show that that was done. A missing juror would have necessitated a mistrial since eleven jurors may not report a verdict.

Section 451 of the Code of Criminal Procedure is likewise mandatory and reads: "When the verdict is given, and is such as the court may receive, the clerk must immediately record it in full upon the minutes, and must read it to the jury and inquire of them whether it is their verdict. If any juror disagree, the fact must be entered upon the minutes, and the jury again sent out; but if no disagreement be expressed, the verdict is complete, and the jury must be discharged from the case."

By virtue of this section, it is very plain that a verdict is not complete until the provisions of the section have been complied with. It is equally plain and evident by the record of the clerk's minutes and that of the stenographic minutes, that no compliance was had of the provisions of the statute. The purpose of the section was to ensure that the verdict as announced by the foreman was not solely the verdict of the foreman but the verdict of all the other eleven jurors and, so as to leave no doubt, it was requisite that the clerk read back the verdict as recorded and make inquiry of all the jurors as to whether or not the verdict, as the court had it recorded, was their verdict. Jurors, ordinarily, are loath to interrupt the court's proceedings and to speak unless spoken to. A shy or nonaggressive juror might well be silent as to his verdict until specifically asked about it. Not having been informed by the court that the verdict had to be unanimous, it might be that one or two of the jurors did not agree with the verdict of guilt as announced by the foreman but had in mind the five-sixth rule of civil cases. We think the verdict here was incomplete, and, of course, an incomplete verdict would be no verdict. We only know that the foreman said the defendant was guilty. The other eleven were not given the statutory opportunity of stating in open court whether such was their verdict. As the record stands, we may only surmise that all twelve of the jury were present and that the verdict of guilty was the verdict of all twelve. In the face of the mandatory directions embodied in these sections for the protection of the defendant, we may not rest upon surmise. If it should be argued that there is a presumption of regularity that the sections were complied

with, the answer is that the record shows conclusively that they were not. Certainly there is no presumption that the verdict, as announced by the foreman, was the unanimous verdict of the twelve. Section 451, by its very provisions, clearly refutes such a contention. Neither the People nor the defendant asked for a poll of the jury pursuant to section 450 of the Code of Criminal Procedure. That was a privilege to be exercised at the option of either party. The fact that the defendant did not avail himself of the right was not a waiver of the protection afforded by sections 433 and 451. It was not the responsibility nor the prerogative of the defendant to instruct the court or the clerk as to its statutory duties in receiving and recording the verdict.

We conclude that the substantial rights of the defendant were seriously affected and that the errors of omission are such as to require a reversal of the judgment of conviction and a new trial. We might well rest at this point were it not for the fact that the question of corroboration of the complainant was close. All of the elements of the crime were, we think, sufficiently corroborated excepting only the vital one as to consent or nonconsent on the part of the complainant. The indictment did not charge that the codefendants were acting in concert so that the acts of one became the acts of all, thus making each the accomplice of the others. The court, in effect, so charged the jury. He also specifically charged the jury that the testimony of the sister, in and of itself, was not sufficient to constitute corroboration. The precise element of the crime which had to be corroborated was that the act of intercourse by the appellant was perpetrated against the will and without the consent of the complainant. There was a considerable amount of testimony by the complainant and by her sister which might have been competent and relevant as tending to corroborate the complainant's testimony as to the act of the other defendants but which was not corroborative in respect to the act of this defendant-appellant. We think it was error, therefore, in charging the requirements of corroboration in respect to the appellant to say to the jury that they might "take into account *all the evidence in the case* * * * on the subsidiary but important question, whether there was other evidence, evidence other than the testimony of the complaining witness herself, tending to establish each of the essential elements of the crime of rape." [Emphasis mine.] The jury might well have thought that the acts and words of the other defendants as testified to by the complainant and the sister were to be considered as though they were the acts and words of the appellant. There was much testimony of the complaining

witness, herself, as to what happened between her and the other three defendants subsequent to the alleged intercourse between her and the appellant. So far as this appellant is concerned, the question was whether or not complainant consented as to him, not whether she subsequently did or did not consent as to the others. In view of what has been said, we do not deem it necessary to pass upon any other alleged errors.

The judgment of conviction should be reversed and a new trial had as to the appellant.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment of conviction reversed on the law and a new trial granted.