Morse E. Ames, J.
The above-named defendant-appellant has appealed from a judgment of conviction for a violation of section 982 of the Penal Law of this State. She was convicted on this charge on April 29, 1957 following a trial before William Appleby, Esq., Police Justice of the Village of Marathon, in this county, and a jury.
The appeal sets forth seven grounds for reversal of the judgment of conviction. The first three grounds have to do with the weight of evidence and it is urged that the evidence on the part of the People as a matter of law failed to prove defendant guilty beyond a reasonable doubt; it is also urged that the evidence failed to prove that the pinball machine in defendant’s place of business was a slot machine within the meaning of section 982; it is also claimed that the People failed to prove by its evidence that the alleged crime was committed in the village of Marathon, Cortland County, State of New York. The court has reviewed the evidence and decides as a matter of law that there was sufficient evidence for the jury to find the defendant guilty beyond a reasonable doubt. Paragraph (a) of subdivision 1 of section 982 states “ It is unlawful * * * to permit the operation of, or for any person to permit to be placed, maintained, used, or kept in any room, space or building * * * any slot machine or device as hereinafter defined ’ ’. Proof that a device within the definition of this section was in defendant’s place of business would seem to cover the situation and the evidence in this case seems sufficient on this question. On page 3 of the evidence, trooper Timmons identifies the location of the place as on Cortland Street in Marathon. The court- takes judicial notice of the fact that there is a Village of Marathon within the county of Cortland and that there is a Cortland Street in the village of Marathon. The first three grounds of appeal are dismissed.
Paragraphs 4 and 5 in the affidavit of defendant on appeal concerns various alleged reversible and prejudicial errors committed by the District Attorney in his summation and in his presentation of evidence. It is also alleged that the court erred *672 in its denial of various motions made by defendant’s attorneys in connection with these alleged errors. A careful review of the evidence fails to convince this court that any reversible or prejudicial errors were made which affected the substantial rights of the defendant and for this reason the 4th and 5th paragraphs are dismissed.
Paragraph 6 of the alleged errors complains that the court failed to record the verdict of the jury properly and in support thereof cites sections 451 and 433 of the Code of Criminal Procedure. It is urged that section 62 of the Code of Criminal Procedure makes these two sections applicable to Courts of Special Sessions and that pursuant thereto the names of the jurors should have been called when they returned with a verdict; that after the verdict was announced by the foreman, a clerk should enter the same on the minutes, then read it to the jury, after which inquiry should be made if it is their verdict. The case of People v. Light (285 App. Div. 496) is cited as authority on this point. Proceedings in Courts of Special Sessions outside the metropolitan area are governed by part V of the Code of Criminal Procedure, sections 699-740-c inclusive, and section 714 thereof states in substance that when a jury have agreed on a verdict, they must deliver it publicly to the court which must enter it in its minutes. The section seems to make no provision requiring that the names of the jurors be called or that the verdict be recorded and then read to the jury by the court or by the clerk. It seems to this court that sections 433 and 451 of the Code of Criminal Procedure are intended to apply to trials in courts of record after an indictment and while it is true that People v. Light (supra) seems to sustain appellant’s viewpoint here, more recent decisions by the Court of Appeals would seem to minimize this authority. (See People v. Manfredi, 1 N Y 2d 743; People v. Small, 3 N Y 2d 720.) Further, I am of the opinion sections 433 and 451 of the Code of Criminal Procedure would not apply here under section 62 because section 714 mentioned above is within the meaning of the first few'- words of section 62 and provides another and different way for the verdict to be received. Further, I chose to proceed on the assumption that if all six jurors were not present when the verdict was rendered, someone in the courtroom would have called attention to the fact; and further, on the assumption that if the verdict had not been unanimous, that fact would have become apparent to the court and the attorneys present and some motion would have been made thereon. The grounds for reversal set forth in paragraph 6 are dismissed.
*673 It is claimed in paragraph 7 that in the interests of justice and as a matter of law the conviction should be reversed and the information dismissed or the conviction reversed and a new trial ordered, or that such other and further relief as the court might seem just and proper be rendered. In view of my findings above, this paragraph requires no separate answer.
The appeal is dismissed and the judgment of conviction and sentence of the court affirmed.