THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS MEERS, Respondent, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, December 5, 1957.

660

*Louis J. Lefkowitz, Attorney-General (J. Bruce MacDonald, James O. Moore, Jr., and Paul C. Reuss of counsel), for appellant.*

*Thomas Meers,* respondent in person.

*John F. Dwyer, District Attorney (Leonard Finkelstein of counsel), amicus curiæ.*

WILLIAMS, J. This is an appeal from an order of the Wyoming County Court, sustaining a writ of habeas corpus in behalf of the relator, and remanding him to the custody of the Sheriff of Erie County for further proceedings upon his indictment, trial, conviction and sentence. The petition for the writ is based upon failure of the trial court to comply with sections 433 and 451 of the Code of Criminal Procedure. The return contends that this question may not be raised in habeas corpus. Concededly, on the report of the jury to the County Court of Erie County in 1937, the exact procedure was as follows:

" (At 2:35 P.M. the jury returns into Court to report upon their verdict.)
The Clerk: Gentlemen, have you agreed upon a verdict?
The Foreman: We have.
The Clerk: How do you find?
The Foreman: We find the defendant guilty as charged in the indictment.

Mr. Burke: If the Court please, I move to set aside the verdict on the ground that it is against the weight of evidence, and to grant the defendant a new trial.

The Court: Denied.

Mr. Burke: Exception.

The Court: I will set the date of sentence later."

It is also undisputed that in the charge the court did not instruct the jury that the verdict had to be unanimous.

Section 433 of the Code of Criminal Procedure reads as follows:

. " When the jury have agreed upon their verdict, they must be conducted into court by the officer having them in charge. Their names must then be called, and if all do not appear, the rest must be discharged without giving a verdict. In that event, the cause may be again tried, at the same or another term."

Section 451 of the Code of Criminal Procedure provides:

" When the verdict is given, and is such as the court may receive, the clerk must immediately record it in full upon the minutes, and must read it to the jury and inquire of them whether it is their verdict. If any juror disagree, the fact must be entered upon the minutes, and the jury again sent out; but if no disagreement be expressed, the verdict is complete, and the jury must be discharged from the case."

Section 1231 of the Civil Practice Act (art. 77) provides in part:

" A person is not entitled to either of the writs specified in the last section [habeas corpus or certiorari] in either of the following cases:   *   *   *

" 2. Where he has been committed or is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction   *   *   *."

There is no question of the competency of the tribunal or that it generally had jurisdiction of the subject matter and of the defendant. Therefore, the inquiry is whether there was a final judgment of the court, or if the court, because of procedural failures, lost jurisdiction to render judgment.

The general rule as stated in Carmody-Wait on New York Practice is:

" It [habeas corpus] provides a summary remedy to enforce the constitutional right of every person not to be deprived of his liberty by a judgment or order which is not jurisdictionally well founded." (Vol. 21, pp. 6-7.)

" Whether or not there has been a valid exercise of jurisdiction (in the sense of power to interfere with individual liberty

without infringing upon basic rights so seriously that the infringing action is to be deemed void), is the usual question presented when New York courts are called upon to decide whether or not a writ of habeas corpus may be sustained. The effectiveness of the writ ultimately depends upon the courts' concept of such jurisdiction, that is, of the relative importance of an individual's basic rights, and the writ is enhanced or curtailed accordingly. The keynote of decision, therefore, is often found in a construction of the term ' jurisdiction,' or a discussion of the concept it represents.'' (Vol. 21, p. 7.)

'' * * * this writ is in no sense an instrument for the mere correction of error, abuse of discretion, or injustice, provided that the detention or imprisonment involved is the result of a valid exercise of power, that is, is jurisdictionally well founded.'' (Vol. 21, p. 9.)

The decisions of the courts do not seem to disagree with this rule in essence but the difficulties arise in application. The leading case, until recent years, which considered the availability of habeas corpus was *People ex rel. Tweed* v. *Liscomb* (60 N. Y. 559 [1875]). The relator had been sentenced on 12 counts to 12 successive terms of imprisonment of one year each and to fines of $250 each. The statute under which he had been indicted provided a maximum punishment of one year's imprisonment and one $250 fine. After serving one year and paying $250, relator applied for a writ of habeas corpus, alleging that the trial court was without legal power to impose the greater sentence. The court in sustaining the writ said at page 568: ''It matters not what the general powers and jurisdiction of a court may be; if it act without authority in the particular case, its judgments and orders are mere nullities, not voidable, but simply void, protecting no one acting under them, and constituting no hindrance to the prosecution of any right.''

In recent years, however, the trend toward a more narrow construction of habeas corpus has been evident. In *People ex rel. Carr* v. *Martin* (286 N. Y. 27, 31) the court, in denying a writ of habeas corpus, said: '' An order or judgment of a court acting without jurisdiction is entirely void and a person imprisoned by virtue of such an order or judgment may obtain his release by habeas corpus proceedings. A final order or judgment of a court of competent jurisdiction, though erroneous, is not void if the court had jurisdiction of the person of the accused and jurisdiction to try the charge made against him. The statute in express terms places that limitation upon the jurisdiction of a court to examine in habeas corpus proceedings the validity of a sentence * * * ''

Perhaps the two cases which most clearly exemplify the modern position are *Matter of Morhous* v. *New York Supreme Court* (293 N. Y. 131) and *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361). In the *Morhous* case, the relator alleged that his conviction of manslaughter had been based on perjured testimony knowingly introduced by the prosecution and that favorable testimony had been suppressed by the prosecution, and false newspaper articles used maliciously. The court, holding that the writ of habeas corpus should have been denied, indicated that the test was competency "to render the judgment *under some circumstances.*" (P. 138.) At page 140, the court continued: "Certainly a general rule that the judgment of a court having jurisdiction to try an accused may be challenged by writ of habeas corpus in another court upon the ground that the requirements of due process were not satisfied in all respects at the trial, would produce a chaotic situation. Often the question whether there has been a violation of constitutional rights at the trial may involve close questions of fact and law, sometimes appearing in the record, sometimes only by proof *dehors* the record. An appeal to a higher court is ordinarily the appropriate corrective process for error at the trial and appearing in the record * * *.''

In the *Wachowicz* case (*supra*), the relator was convicted of attempted second degree grand larceny to which he had pleaded guilty although he had been indicted for third degree burglary and for criminally receiving stolen property which did not necessarily include attempted grand larceny. The court held that habeas corpus was not the proper remedy, despite the conviction being erroneous, because the convicting court had "general jurisdiction both of the crime charged in the indictment and of the crime of which the relator has been found guilty, and had jurisdiction of the person of the relator * * *'' (p. 365). "In proper circumstances the County Court of Erie County would certainly have power to render the judgment under which the relator is restrained of his liberty and this court long ago has pointed out that a judgment of a tribunal 'competent to render the judgment under some circumstances' bars from discharge in habeas corpus proceedings a person held by virtue of such judgment [citations] * * * No sufficient ground has been shown why an exceptional corrective process is required here." (P. 366.)

This position is supported by *People ex rel. Harrison* v. *Jackson* (298 N. Y. 219, 225) which considered an allegation by relator (who had been convicted as a fourth felony offender) that he was under 16 years of age when he committed the first

felonious act. The court in denying habeas corpus said: "Appropriate process for the correction of error was provided but not availed of by relator or his counsel who represented him at the trial. If their failure were to insure to relator a remedy now, then habeas corpus would always be available when a question as to the jurisdiction of the trial court was raised. We decided to the contrary in *People ex rel. Wachowicz* v. *Martin* ".

In *People ex rel. Morgan* v. *Jackson* (3 A D 2d 48, 50) the relator sought to raise the issue of a denial of a speedy trial, in a habeas corpus proceeding. The conviction was based upon his plea of guilty. The court said (p. 50): "Here the relator raised the issue [at trial] but when his motion was denied he failed to take an appeal from the judgment of conviction. It would seem that he is in no better legal position, so far as habeas corpus is concerned, than if he failed to raise the issue at all. Habeas corpus is not a catch all process to review any and all errors committed on a trial, especially as to rights which a defendant may waive. Where imprisonment is under a final judgment of conviction an inquiry under habeas corpus is limited to the issue of jurisdiction of the person and general jurisdiction of the offense charged (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131). In the *Prosser* case (*People* v. *Prosser,* 309 N. Y. 353), to which relator adverts, the appeal was from a judgment of conviction and the issue of a denial of a speedy trial was squarely embraced within the appeal. Such is not the case here, and we are constrained to hold that since relator failed to appeal he cannot successfully raise the issue now by habeas corpus that he might have raised on an appeal from the judgment of conviction."

In the present case, the relator did, in fact, appeal from the judgment of conviction, but neither on the appeal nor in lower court did he attack the procedure in question. The judgment was affirmed (255 App. Div. 941).

It is thus apparent, that if the conceded procedural failures were sufficiently basic and fundamental to result in a deprivation of due process, which would be jurisdictional, then habeas corpus will lie. If not, this proceeding is unavailable to the relator.

Upon the facts here presented it is our opinion that the verdict was procedurally irregular but may not be held to be such an incomplete verdict as to taint the jurisdiction of the court.

Our decision in *People* v. *Light* (285 App. Div. 496) is neither contrary nor inconsistent. There the same procedural question

was presented on a direct appeal and the court held the error in procedure sufficient for a reversal. There was no jurisdictional problem before the court and the decision is not based on failure of due process. There are also other distinctions.

The order of the County Court should be reversed.

GOLDMAN, J. (dissenting). The prevailing opinion fully sets forth the facts and the pertinent sections of the Code of Criminal Procedure. The entire court is in agreement that if the irregularities of which relator complains are jurisdictional in nature the County Court properly sustained the writ.

It is conceded, and unequivocally demonstrated by the record, that except for the first sentence in section 433 there was a complete failure to comply with any of the requirements of sections 433 and 451 of the Code of Criminal Procedure. Furthermore, the trial court failed to charge the jury that their verdict had to be unanimous. The point at which we differ with the majority is in the determination of whether there was a final judgment of the court because of the omission to comply with the mandatory requirements of the relevant sections. We firmly believe that the failure to follow the statutes is a defect of substance and not a mere procedural irregularity.

Certainly no time in the trial of a criminal action is more critical and vital than the moment when the defendant rises to hear the jury's determination of his innocence or guilt. Absent the first requirement of section 433, that " Their names must then be called " by what power, short of clairvoyance, can one be certain that there were 12 persons in the jury box or that the same 12 persons who were sworn as jurors returned the verdict? Add to this deficiency the uncontroverted fact that the clerk did not " immediately record it in full upon the minutes, and must read it to the jury and inquire of them whether it is their verdict " and we have a noncompliance so fundamental and basic that it compels us to conclude that the sum total of the defects deprived relator of his constitutional rights and were, therefore, jurisdictional in nature.

We believe that our Associate Justice KIMBALL succinctly and clearly demonstrated the incompleteness of the verdict in his learned opinion in *People* v. *Light* (285 App. Div. 496) and particularly in the following language at page 498: " By virtue of this section, it is very plain that a verdict is not complete until the provisions of the section have been complied with. It is equally plain and evident by the record of the clerk's minutes and that of the stenographic minutes, that no compliance was had of the provisions of the statute. The purpose of the sec-

tion was to ensure that the verdict as announced by the foreman was not solely the verdict of the foreman but the verdict of all the other eleven jurors and, so as to leave no doubt, it was requisite that the clerk read back the verdict as recorded and make inquiry of all the jurors as to whether or not the verdict, as the court had it recorded, was their verdict.'' The cogent reasoning of that opinion leaves us no alternative but to agree with the conclusion therein expressed that '' We think the verdict here was incomplete, and, of course, an incomplete verdict would be no verdict ''. (P. 498.)

Having determined that the relator is being held by a defective judgment, which as we have indicated goes to the very core of the matter, we believe he was entitled to test the validity of his imprisonment in habeas corpus. In our opinion the County Court properly sustained the writ. We, therefore, vote for affirmance of the direction that the relator be remanded to the custody of the authorities of Erie County.

All concur, except VAUGHAN and GOLDMAN, JJ., who dissent and vote for affirmance, in an opinion by GOLDMAN, J., in which VAUGHAN, J., concurs. Present — McCURN, P. J., VAUGHAN, WILLIAMS, BASTOW and GOLDMAN, JJ.

Order reversed on the law, writ dismissed, and relator remanded to the custody of the Warden of Attica Prison.