Per Curiam.
 

 This court has several times held — contrary to the view expressed in
 
 People
 
 v.
 
 Light
 
 (285 App. Div. 496) — that a defendant, prosecuted by indictment, may not on appeal avail himself of the trial court’s alleged failure to comply with section 433 of the Code of Criminal Procedure if he did not call such omission to the court’s attention. (See, e.g.,
 
 People
 
 v.
 
 Manfredi,
 
 1 N Y 2d 743;
 
 People
 
 v.
 
 Baumgart,
 
 5 N Y 2d 874; see, also,
 
 People ex rel. Meers
 
 v.
 
 Martin,
 
 4 N Y 2d 898.) The rationale underlying these decisions is that, if the defendant had alerted the trial judge to the possibility that a juror was missing or that the verdict announced was not that of all the jurors, the judge, so alerted, could have readily removed any doubt on these scores by having a roll call and a polling of the jury (Code Crim. Pro., §§ 433, 450).
 

 
 *321
 
 Consequently, even if we were to assume that section 433 of the Code applies to proceedings in courts of special sessions, and this is extremely doubtful (Code Crim. Pro., §§ 712-714), the defendant herein may not now raise the question in view of the fact that at the trial he neither voiced an objection nor requested that the jury be polled or their names called.
 

 The judgment of conviction should be affirmed.
 

 Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
 

 Judgment affirmed.