■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED T. MOWER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered June 16, 1987, upon a verdict convicting defendant of the crimes of sodomy in the first degree (two counts), sexual abuse in the first degree (three counts) and endangering the welfare of a child.

In the course of accepting the jury's verdict, County Court asked the forelady to "rise and announce your verdict". On each of the six counts submitted to the jury, she stated "we found him guilty", after which County Court asked defense counsel whether he had any applications. When counsel answered "not at this time", the court discharged the jury. On appeal, defendant maintains the judgment of conviction should be reversed because County Court failed to comply with CPL 310.40 (2) and 310.80 in that it neglected to ask the forelady whether the jury had agreed upon a verdict and did not inquire of the jury members collectively as to whether the verdict rendered and announced by the forelady was indeed their verdict. We affirm, for the error has not been preserved for review (see, People v Marilla, 7 NY2d 319, 320). Furthermore, we are of the view that People v Light (285 App Div 496), upon which defendant relies, is distinguishable in that there the trial court did not instruct the jury that its verdict must be unanimous, thereby leaving considerable doubt as to how the verdict was tallied (supra, at 497). In the case at hand, however, County Court twice charged the jury that its verdict must be unanimous and thus protected defendant's right to conviction by a unanimous jury.

Defendant's other contentions advanced in his *pro se* response to the People's brief, that he was denied effective assistance of counsel, that the prosecutor acted improperly, that his guilt was not proven beyond a reasonable doubt and that he was otherwise deprived of a fair trial, are devoid of merit.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.