■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BROWN, Appellant. [625 NYS2d 570] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered October 13, 1992, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The closure of the courtroom during the undercover officer's testimony at the pretrial hearing and at trial did not deprive the defendant of due process or his right to a public trial. At both *Hinton* hearings *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), the undercover officer explained that he was actively involved in certain large-scale investigations in connection with which his safety had been threatened, that there was a very real danger that if his identity became public, those threats might be realized, and that his ongoing investigations might be compromised *(see, People v Hill,* 209 AD2d 433). Indeed, at trial, he testified that he was then assigned to the Organized Crime Investigation Division, and that disclosure of his identity would pose a risk to other police officers as well. Based on these circumstances, the factual

showing went beyond "unparticularized impressions of the vicissitudes of undercover narcotics work in general" *(People v Jones,* 47 NY2d 409, 414-415, *cert denied* 444 US 946) and therefore was sufficient to support closure of the courtroom, which was necessary to protect the undercover officer's safety and the integrity of ongoing investigations *(see, People v Martinez,* 82 NY2d 436, 443).

Although the defendant contends that the reference by the undercover officer to a precinct viewing of him, which occurred after the officer had identified the defendant at the time of his arrest, was highly prejudicial, the court promptly sustained his objection to this testimony. Moreover, contrary to the defendant's claim, we note that the record reveals that this viewing was merely confirmatory *(see, People v Roberts,* 79 NY2d 964, 966; *People v Wharton,* 74 NY2d 921, 922), and as such, did not come within the notice requirement of CPL 710.30 (1) (b) *(see, People v Newball,* 76 NY2d 587, 592; *People v Gissendanner,* 48 NY2d 543, 552).

The testimony regarding the large amount of cash recovered from the defendant and the codefendant was properly admitted as it was probative of the second count of the indictment charging the defendant with criminal possession of a controlled substance with the intent to sell *(see, People v Rivera,* 177 AD2d 662; *People v Wells,* 144 AD2d 400; *People v Jones,* 138 AD2d 405). Evidence of uncharged crimes may be received where, as here, it helps to establish some element of the crime under consideration *(see, e.g., People v Alvino,* 71 NY2d 233; *People v Gonzalez,* 198 AD2d 431).

Finally, it was not reversible error for a juror other than the foreperson to have announced the verdict *(see,* CPL 310.40 [1]). The verdict was subsequently restated by the polling of the jury and the defendant should not now be heard to complain inasmuch as he failed to alert the court to this ceremonial irregularity at a time when the error could have been easily remedied *(see, People v Marilla,* 7 NY2d 319; *People v Mower,* 144 AD2d 117). Sullivan, J. P., Copertino, Pizzuto and Krausman, JJ., concur.