■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MALDONADO, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered July 26, 1990, convicting defendant of two counts of robbery in the first degree and four counts of robbery in the second degree, and sentencing him to two indeterminate terms of imprisonment of 7 to 14 years and four indeterminate terms of imprisonment of 5 to 10 years, all to be served concurrently, unanimously affirmed.

While two teenagers were using public telephones, defendant and two others accosted them. One of defendant's companions instigated a fight and then pulled a starter's pistol while the second accomplice produced a rifle. As a police car passed by, defendant threatened the victims and upon relieving one of them of a jacket, jewelry and cash, defendant and his accomplices fled.

Contrary to defendant's claims on appeal, there is a clear basis in the evidence for a reasonable person to conclude, as the jury did, that defendant was an active and willing participant in this robbery. Defendant said at trial that he was a victim of circumstances, but the jury's decision to credit the victims' account is supported by the weight of the credible evidence. *(People v Bleakley,* 69 NY2d 490.)

Defendant's arguments relative to the weapons possession charge are unpreserved *(People v Jackson,* 76 NY2d 908) and were we to review them in the interest of justice we would find them to be without merit. The charge, read as a whole, correctly conveyed the proper standard of proof and that the prosecutor had to establish each of the elements of the crimes

charged beyond a reasonable doubt, and that the burden never shifted to defendant. The charge would not have led the jury to ignore favorable inferences based on the evidence that defendant did not physically possess a firearm. Moreover, the charge was a technically correct statement of applicable legal principles. Nor do we find defendant to have been deprived of a fair trial by the remarks of the prosecutor in summation. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Kassal, JJ.