OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 In instructing the jury, the trial court stated twice that a reasonable doubt was a doubt for which the jurors would, if called upon, be able to give a reason. It also offered an extended illustration to that effect, using jurors’ names. Defense counsel objected that the charge conveyed that a reasonable doubt must be based on a "reason that [the jurors] could articulate.” Counsel argued that such an instruction punished less articulate people on the jury, who might vote guilty "because of the charge * * * which says they should be able to articulate their reason.”
 

 Defendant’s objection to the trial court’s definition of a reasonable doubt as a doubt for which some good reason arising from the evidence can be given does not preserve for our review his present claim — that the court’s definition and illustration diluted the People’s burden of proof by conveying a requirement that the doubting juror
 
 must
 
 give reasons and
 
 must
 
 support those reasons with evidence.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.