■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH CUTHBERTSON, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered February 24, 1989, convicting defendant after a jury trial of murder in the second degree, and sentencing him to an indeterminate term of imprisonment of 15 years to life, unanimously affirmed.

Charged with killing Samuel Walker, the nemesis of defendant's friend, Alfred Smith, defendant claimed that he acted in self-defense. At trial Walker's brother and Walker's friend testified that a number of confrontations led up to the final one in a fast food restaurant. Defendant entered the restaurant with a pump shotgun and ordered the customers to leave. Walker's brother and friend testified that defendant said that he did not want to "waste" anyone but Walker. After defendant asked why Walker did not fight Smith one to one, defendant then pointed the shotgun at Walker's friend and brother and ordered them to leave. As the two men stepped outside they heard one shot and then a second. After a restaurant worker saw the body on the floor, he dialed 911. While he was speaking with the operator, one or two shots went off.

Defendant was arrested the next day. He told the police that earlier on the day of the shooting, Walker and two other persons had tried to rob him of a leather coat. Later that night defendant and Smith followed Walker, his brother, and friend to the restaurant. Defendant admitted that he was armed with a pump shotgun and that Smith had a sawed off

.22 rifle. Inside the restaurant defendant challenged Walker concerning the robbery attempt. Defendant said that Walker should fight him one on one. Instead of answering, Walker reached into his jacket where defendant knew that Walker had placed a pistol. Defendant said he fired his own weapon and then ran off with Smith. At trial defendant similarly testified.

In summation, counsel argued, *inter alia,* that defendant saw a true enemy, and acting according to the law of the jungle, survived because he was able to shoot first. The court submitted the question of justification to the jury, and with respect to provocation charged that if the proof satisfied the jury beyond a reasonable doubt that the defendant instigated the attack with intent to retaliate, then defendant was not acting in self-defense. In connection with the issue of who was the initial aggressor, the court suggested the jury consider the words defendant used, whether anyone was threatening Walker with a weapon, and whether the weapons were in open view and available.

Defendant's claim that the court's charge on provocation was erroneous is unpreserved *(People v Jackson,* 76 NY2d 908, 909), and were we to reach it in the interest of justice we would find it had no merit *(People v Filippelli,* 173 NY 509). There was no reasonable view of the evidence that defendant was blameless. Defendant did not say that he merely initiated a verbal quarrel. He testified that he instigated the fight for the purpose of using physical force against Walker. Moreover, defendant initiated the confrontation by brandishing a shotgun while accompanied by his friend who was armed with a rifle.

The court's comments with respect to the duty to retreat and its suggestions as to who was the initial aggressor were not one-sided. The court's instructions and suggestions, including comment on duels, were pertinent, accurate, and reasonably related to the evidence.

The fact that the jury heard a reference on defendant's videotaped statement to a witness who was not produced in court does not require a reversal. As defendant recognizes, the claim is not preserved. Nor is a reversal required in the interest of justice. The jury could not have understood that there was eyewitness testimony that defendant fired three times. The prosecutor's question was designed to test defendant's statement that he fired once, and defendant said he had not. In any event, a wealth of evidence was produced to show

that defendant fired more than once. Three shells fired from the shotgun were recovered on the scene, and Walker suffered wounds to the head and abdomen. Concur—Milonas, J. P., Ellerin, Kupferman and Asch, JJ.