■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD McGEE, Appellant. [611 NYS2d 261] —Appeal by the defendant from a judgment of the County Court, Suffolk

County (Tisch, J.), rendered February 4, 1992, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the early morning hours of December 9, 1990, the complainant was beaten about the head and body by some unidentified assailants and then robbed of his coat, his Seiko wristwatch, and his wallet. Immediately before losing consciousness, the complainant saw the defendant, whom he had encountered in a bar earlier in the evening, standing directly in front of him and removing a long-barreled, silver revolver from his waistband. The complainant subsequently selected the defendant from a lineup, and he was arrested and convicted of robbery in the first degree for his participation in these acts.

The defendant claims for the first time on appeal that his mere presence at the crime scene, albeit in the possession of a revolver, is insufficient to prove his intent to commit robbery, either alone or with others. Because the defendant made only generalized motions for a trial order of dismissal and did not alert the trial court to the issue of his lack of intent, he has failed to preserve this issue for appellate review *(see,* CPL 470.05 [2]; *People v Logan,* 74 NY2d 859; *People v Colavito,* 70 NY2d 996; *People v Wade,* 187 AD2d 687; *People v Delisser,* 177 AD2d 702).

In any event, the issue is without merit. Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it is legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt.

The intent to commit a crime may be implied by the act itself, or it may be established by the defendant's conduct and the surrounding circumstances *(see, People v Bracey,* 41 NY2d 296, 301; *People v Turner,* 141 AD2d 878). In the present situation the defendant's conduct of displaying a revolver within five feet of the complainant immediately before the complainant's coat was literally taken off his back, together with the surrounding circumstances of the unruly crowd and the contemporaneous beating of the complainant about the face and body, provide ample evidence of the defendant's intent to commit robbery in the first degree, either alone or by intentionally aiding others to complete the actual taking of the complainant's property: his coat, wristwatch, and wallet.

We find that the defendant's sentence is not excessive. Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.