OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant has been convicted of two counts of criminally negligent homicide and one count of reckless driving as the result of an automobile accident in which her pick-up truck struck a vehicle driven by Floyd Shepard. Shepard and a passenger, his daughter Robyn Borden, died as a result. The accident happened at approximately 4:15 a.m. on a foggy morn *895 ing when defendant drove her vehicle on the wrong side of the road after consuming alcoholic beverages. Defendant, unconscious and unable to talk after the accident, was removed to Glens Falls Hospital for treatment of her injuries.
Defendant contends that there was an error in the instructions to the jury because the court read a portion of the indictment which, when charging criminally negligent homicide, alleged that defendant drove her vehicle on the wrong side of the road after consuming alcohol "and/or” operating without sufficient rest "and/or” without due regard to the weather conditions.
The court should not have read the factual allegations in the disjunctive because, in the abstract, doing so could permit the jury to premise guilt on only one of them. Nevertheless, the error does not warrant reversal in this case. There was no serious dispute that the accident happened in the Shepard lane of travel, about 4:15 a.m., on a foggy morning, that defendant had not slept the night of the accident, and that she had consumed alcoholic beverages during the evening. To the extent the allegations of the indictment were controverted, the challenge went to the extent or degree of the condition, not its existence, and defendant does not claim that the verdict rests on proof of only one of these facts. Indeed, she does not claim the evidence was insufficient to support the jury’s verdict. The court’s instructions were otherwise thorough and correct. It fully explained the elements of criminally negligent homicide, the difference between civil and criminal negligence and the quantum of evidence necessary to support a finding of guilt of the criminal charges. It impressed upon the jurors that the "carelessness required for criminal negligence is appreciably more serious than that for ordinary civil negligence”, that a finding of criminal negligence "requires proof that the defendant’s conduct was of such a gross and flagrant character as to warrant the imposition of criminal liability”, and that defendant’s conduct must have been "seriously] blameworth[y].” When the jurors requested additional instructions during their deliberations, the court correctly instructed them on the law and avoided use of the disjunctive language. We have held that a charge may be sufficient, indeed substantially correct, even though it contains phrases which, isolated from their context, seem erroneous: "[t]he test is always whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied in arriving at decision” (People v Russell, 266 NY 147, 153). The charge in this case *896 satisfies that test. We agree with the Appellate Division that when read as a whole, it fairly instructed the jury on the correct principles of law to be applied to the case and does not require reversal (see, People v Fields, 87 NY2d 821).
We also agree that defendant’s blood sample was properly obtained and admitted at trial. The suppression court concluded, based upon findings subsequently affirmed by the Appellate Division, that the State Police investigator had reasonable grounds to believe defendant had been operating her vehicle in violation of section 1192 of the Vehicle and Traffic Law. It based its conclusion on evidence that she had consumed alcohol, had driven across the center line of the road at an excessive rate of speed in the fog and collided head-on with the automobile in which the victims were riding. The court also found that the officer had satisfied the requireménts of section 1194 (1) of the Vehicle and Traffic Law by obtaining court authorization for the test because defendant was unconscious after the accident. Under the circumstances, the officer was not required to go through the formalities of an arrest (see, People v Goodell, 79 NY2d 869).
Next, defendant maintains that the results of the test were inadmissible under CPL 60.75 because the proceedings against her did not include a charge for violation of section 1192 of the Vehicle and Traffic Law. CPL 60.75 provides that when Vehicle and Traffic Law charges and Penal Law charges are tried together the evidence obtained pursuant to section 1194 of the Vehicle and Traffic Law is admissible as to both charges. The statute was enacted to remove any doubts arising from our holding in People v Moselle (57 NY2d 97), that when charges from the two chapters were joined the test results were not admissible with respect to the Penal Law charges. Section 60.75 does not limit the use of blood test results to prosecutions under the Vehicle and Traffic Law or to prosecutions linking Vehicle and Traffic Law and Penal Law offenses. Indeed, section 1195 (1) of the Vehicle and Traffic Law provides that blood test results are admissible at the trial of "any action or proceeding” arising out of a factual basis for a driving while intoxicated arrest. The evidence, if legally obtained and relevant, should be admissible in Penal Law prosecutions, notwithstanding the absence of any charge under the Vehicle and Traffic Law.
Finally, defendant claims error in admitting expert opinion evidence of the amount of alcohol in her blood at the time of the accident. The People’s expert, using the .057 BAG test *897 results from a sample taken at 7:30 a.m., testified that based upon (1) the rate that alcohol is eliminated from the body of a person such as defendant under the circumstances presented and (2) the time between the accident and the test, her BAG at the time of the accident would have been .107%. Defendant’s objection to the admission of this "relation-back” evidence was not preserved and, accordingly, we do not pass on whether such evidence may be admitted over objection.
We have considered defendant’s claimed error by the court in answering the jury’s inquiries and find none.