OPINION OF THE COURT
Memorandum.
Judgment of conviction for assault in the third degree unanimously reversed on the law and information dismissed.
Judgment of conviction for harassment in the second degree unanimously affirmed.
On August 5, 1995, defendant initiated an altercation with his neighbors when defendant was prohibited from driving his automobile onto his street. The street had been closed to vehicular traffic to accommodate a town-sanctioned “block party.”
The information alleging assault in the third degree states:
“Freddie Wilkerson, being duly sworn, deposes and says that on the 5th day of August, 1995, at about 3:00 p.m. in front of 609 Woodland Drive, South Hempstead, in the County of Nas *811 sau, New York, the defendant, earl strong, did violate Section 120 Subdivision 1 of the Penal Law of the State of New York in that at the time and place aforesaid the defendant did with intent to cause physical injury to another person, he or she causes such injury to such person or to a third person, to wit:
“After grabbing my mother and throwing her to the ground, the defendant, earl strong, then started to punch at your deponent. He then grabbed me and knocked me to the ground, causing a lot of pain to my back. While I was on the ground he kicked me very hard in my side. This caused a lot of pain to my ribs. I was treated at Mercy Hospital. Your deponent did not give Earl Strong permission to intentionally cause me physical injury.”
A “supporting deposition” of Freddie Wilkerson also states that “[defendant] started throwing punches at me. During this I attempted to fight back, but he is much larger than I am and he knocked me to the ground. This caused injury to my back and side.”
The information charging assault in the third degree is jurisdictionally defective, mandating dismissal in view of the fact that the instrument fails to properly allege the requisite element of physical injury. The documents state only that defendant hit and kicked the victim, causing “a lot of pain,” and “injury to my back and side.” Without a proper development of the injuries, the element of “physical injury” is not factually demonstrated, mandating dismissal of the information (see, People v Garguilo, NYLJ, May 15, 1997, at 31, col 4 [App Term, 9th & 10th Jud Dists]; see also, People v Alejandro, 70 NY2d 133).
We find that the jury properly convicted defendant of harassment in the second degree.
At the conclusion of the presentation of evidence, the court gave the jury its final instructions. When the jury returned with its verdict, the following colloquy took place:
“the clerk: Madam Forelady and members of the jury, what is your verdict as to the charge of assault in the third degree?
“the foreperson: Guilty.
“the clerk: Madam Forelady, what is your verdict as to harassment in the second degree, the first one?
“the foreperson: Guilty.
“the clerk: Madam Forelady, what is your verdict as to harassment in the second degree, on the second?
*812 “the foreperson: Not guilty.
“the clerk: You may be seated. Madam Forelady, by what vote is your verdict? Unanimous?
“the foreperson: Two out of three.
“the clerk: Were all of you agreed? I’m saying a unanimous vote.
“the foreperson: Not one.
“the court: Do all six jurors agree on your verdict?
“the foreperson: On which?
“the clerk: Assault, on the first one, on everything.
“the foreperson: No. I thought five out of six.
“the clerk: No, six. Six out of six.
“the court: We’ve got to go back. Sorry. I should have included that in the charge, I usually do. It has to be unanimous.
“the foreperson: That’s downstairs. They told us five out of six, that’s in civil cases. Back we will go. [The jury was escorted from the courtroom.]”
Thereafter, the jury returned with unanimous guilty verdicts for one count of assault in the third degree and one count of harassment in the second degree. Defendant was acquitted of one other count of harassment in the second degree.
The court then reviewed the three informations to ensure that the verdicts were reached with respect to the correct counts. Further, the court polled the jury which then individually answered in the affirmative when asked whether the verdict was correctly stated. Despite the fact that defendant was acquitted of one of the harassment charges, the jury nevertheless answered in the affirmative when asked if the correct verdict was guilty.
After the jury was dismissed, defendant moved to set aside the verdicts pursuant to CPL 440.10, arguing that same were rendered contrary to the weight of the evidence, and “based upon the ground that it appears this was a 5-6 vote.” It must be noted that no objection appears in the record concerning the jury’s affirmative answer of guilty when polled with respect to the harassment charge for which defendant was actually acquitted.
Defendant first argues that the court erred in failing to charge the jury about their duty to deliberate and reach a unanimous verdict. Because the record is devoid of any objection at trial, these claims have not been preserved for appel *813 late review (see, People v Jackson, 76 NY2d 908; People v Bravo, 243 AD2d 640; People v Robinson, 218 AD2d 673, affd 88 NY2d 1001; see also, CPL 470.05 [2]). In any event, had the issues been properly preserved, we would still find that the court properly instructed the jury."
It is well settled that the propriety of a jury charge will be upheld if it adequately apprises the jury of the law governing the case (see, People v Ladd, 89 NY2d 893; People v Dory, 59 NY2d 121; People v Woods, 41 NY2d 279; CPL 300.10). In the case at bar, defendant contends only that the court failed to instruct the jury of its duty to deliberate and reach a unanimous verdict. A review of the record indicates, however, that the court made the following statements to the jury:
“the court: Madam Forelady, members of the jury. You are now about to assume the role for which you took your oath of office at the beginning of the trial.
“All the testimony in the case is in, you’ve heard the final argument of both People and defendant. When I have finished speaking to you, I’ll hand the case over to you for your consideration and deliberations so that you may reach a verdict that is fair and just: Fair and just to the defendant, and fair and just to the People.
“I’ve instructed you several times during the course of the trial not to discuss the case with anyone else. That admonition is, of course, no longer binding upon you. In fact, you are required to discuss the case and come to a decision.
“The charge itself is divided into two parts. The first part consists of the general principles of law that apply to this and to all criminal trials in this state.
“Secondly, I will analyze the informations with you and will instruct you concerning legal points applicable to the various charges against the defendant.
“I will explain the application of the law to the facts, all of which is submitted to you for your consideration, and upon which you are required by law to deliberate, and render your verdict as to the guilt or innocence of this defendant.
“As I advised you before, you must accept the principles of law as I give them to you whether you agree with them or not. You have no discretion whatsoever to depart from these principles, and it is my duty to give these principles to you and you will be guided by them in your deliberations” (emphasis added).
This charge, as a whole, conveys to the jury their duty to delib *814 erate. Moreover, there is no requirement that the court instruct the jury that their verdict must be unanimous (People v Light, 285 App Div 496).
Turning to defendant’s argument that the jury was allegedly tainted by nonjudicial instructions concerning unanimity of the verdict, there is nothing in the record to support this contention. Because no such corroboration exists, we cannot determine whether any unauthorized communication was made with the jury or whether defendant was excluded from a material stage of the trial (see, People v Rodriguez, 251 AD2d 603). Moreover, even assuming that the jury was given nonjudicial information, the court gave a prompt curative instruction that the verdict must be unanimous, and sent the jury back to deliberate.
Defendant further claims that the harassment in the second degree conviction must be set aside because no intent to harass complainant Julia Wilkerson is found in the record. A person is guilty of harassment in the second degree
“when, with intent to harass, annoy or alarm another person * * *
“[h]e * * * strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.” (Penal Law § 240.26 [1].) Contrary to defendant’s assertions, the element of intent necessary to establish the crime may be implied by the act itself (see, People v McGee, 204 AD2d 353).
Finally, viewing the evidence in a light most favorable to the People (People v Contes, 60 NY2d 620), we find it was legally sufficient to establish defendant’s guilt beyond a reasonable doubt. The evidence established that defendant displayed a belligerent and hostile attitude toward his neighbors which was clearly manifested in his unprovoked physical confrontation with a defenseless 62-year-old woman. Moreover, since all issues of credibility and the weight to be accorded to the evidence adduced at trial are questions to be determined by the trier of facts, the jury’s determination should not be disturbed, as the record amply supports its findings (People v Gaimari, 176 NY 84). Thus, upon the exercise of this court’s power of factual review, we are satisfied that the verdict was. not against the weight of the credible evidence (see, supra; see also, CPL 470.15 [5]).
Floyd, J. P., Palella and Levitt, JJ., concur.