OPINION OF THE COURT
Memorandum.
Order unanimously reversed on the law, accusatory instru *574 ment reinstated and matter remanded to a different Judge of the City Court for all further proceedings.
Defendant was charged with assault in the third degree (Penal Law § 120.00 [II). The victim, Danny Weaver, was allegedly hit from behind by the defendant. The allegations contained in the supporting deposition of Michael Donohue indicate that defendant was behind the victim and that he saw defendant’s “shoulder go up like he was getting ready to hit Danny.” After Danny fell to the ground, Donohue saw defendant standing over Danny with “his hand in a fist and like getting ready to hit Danny again.” He alleges further that he heard defendant state that “you know that he deserved that, you know that he had it coming.”
The defendant moved to dismiss the accusatory instrument as insufficient on its face on the ground that there were no facts alleged establishing the element of intent. The People opposed the motion arguing that the accusatory instrument provided reasonable cause to believe that the defendant committed the crime charged and that the supporting deposition of Donohue sufficiently alleged facts from which defendant’s intent could be inferred. The court below granted that branch of defendant’s motion to dismiss the accusatory instrument on the ground that intent could not be inferred from the act itself because Donohue did not see the defendant hit the victim.
On appeal, the People contend that the accusatory instrument sufficiently pleads facts establishing the element of intent.
It is well settled that the intent to commit a crime may be implied by the act itself, or it may be established by defendant’s conduct and the surrounding circumstances (People v Bracey, 41 NY2d 296, 301; People v McGee, 204 AD2d 353). In the instant case, the act of defendant’s shoulder going up in preparation to hit the victim does not unequivocally establish an intention to commit the crime charged. However, this act together with defendant standing over the victim with a clenched fist and his statement that the victim had it coming to him is sufficient to establish the element of intent (see, People v Bracey, supra; People v McGee, supra). Therefore, the accusatory instrument is sufficient on its face and must be reinstated.
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.