■ In the Matter of VELDA YOUNG, Respondent, v RODNEY YOUNG, Appellant. [721 NYS2d 789] —In a proceeding pursuant to Family Court Act article 8, the appeal is from (1) a fact-finding order of Family Court, Dutchess County (Amodeo, J.), dated July 30, 1999, which, after a hearing, found that the appellant committed the family offenses of harassment in the second degree and aggravated harassment in the second degree, (2) an order of protection of the same court, also dated July 30, 1999, which, *inter alia*, directed that the appellant stay away from the petitioner, her residence, and her place of employment, (3) an order of disposition of the same court, also dated July 30, 1999, entered upon the fact-finding order which, *inter alia*, revoked the appellant's license to carry a firearm for the duration of the order of protection, and (4) an order of the same court, dated November 19, 1999, which denied the appellant's motion, in effect, for reargument.

Ordered that on the Court's own motion the appellant's notice of appeal from the fact-finding order dated July 30, 1999, is treated an application for leave to appeal from that order and leave to appeal is granted; and it is further,

Ordered that the appeal from the order dated November 19, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders dated July 30, 1999, are affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The record supports the Family Court's determination that the appellant committed the family offenses of harassment in the second degree and aggravated harassment in the second degree, thereby warranting the issuance of an order of protection against him (*see, Matter of Dienes v Dienes,* 240 AD2d 576; *People v Strong,* 179 Misc 2d 809). Because there was evidence adduced at the hearing that in the past the appellant has pointed his unloaded firearm at the petitioner and squeezed the trigger, the Family Court properly revoked the appellant's license to carry a firearm for the duration of the order of protection (*see,* Family Ct Act § 842-a [1] [b]).

The appellant's remaining contentions are without merit. Altman, J. P., Goldstein, H. Miller and Smith, JJ., concur.