■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY CHANDLER, Appellant. [730 NYS2d 471] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]) and criminal possession of a weapon in the second degree (Penal Law former § 265.03), and sentencing him to concurrent terms of imprisonment of 25 years to life and 7½ to 15 years, respectively. County Court properly denied the motion of defendant to suppress his second statement to the police. Based upon the circumstances under which the statement was made, we conclude that a reasonable person, innocent of any crime, would not have believed that he or she was in custody (*see, People v Centano,* 76 NY2d 837, 837-838; *People v Hicks,* 68 NY2d 234, 239-240). Defendant, on his own initiative, approached officers on the street and asked to speak with the investigators on the case. We further reject defendant's contention that the court improperly permitted hearsay testimony concerning statements by the codefendant made a short time after a scuffle between the codefendant and the victim was dispersed. Those statements were admissible as excited utterances (*see, People v Vasquez,* 88 NY2d 561, 579). Also without merit is defendant's contention that reversal is required based on the failure of the court to include in its jury instructions the language on accessorial liability requested by defendant (*see generally, People v Ladd,* 89 NY2d 893, 895-896). The sentence is neither unduly harsh nor severe. Defendant's remaining contention is unpreserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County

Court, Egan, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.