Earl STRONG and Tarika Strong,
Plaintiffs–Counter–Defendants–
Appellants,

v.

Maria MONTALVO, Nancy Staub, Di-
ane Mallay, Freddy Wilkenson, Julia
Wilkenson, and Robert Wilkenson,
Counterclaimants–Defendants–Appel-
lees.

Earl Strong and Tarika Strong,
Plaintiffs–Appellants,

v.

County of Nassau, Dennis Dillon,
and Nassau County Police.,
Defendants–Appellees.

Docket Nos. 01–7552L, 01–7553, 01–7554.

United States Court of Appeals,
Second Circuit.

Feb. 7, 2002.

Earl Strong; Tarika Strong, East
Northport, NY, pro se.

Michael Salgo, Westbury, NY, for Nan-
cy Staub; Maria Montalvo, Diane Mallay,
Freddy Wilkenson, Julia Wilkenson, Rob-
ert Wilkenson, pro se, South Hempstead,
NY, for counterclaimants-defendants-ap-
pellees.

Alfred F. Samenga, County Attorney of
Nassau County, Mineola, NY; Gerald R.
Podlesak, for the County of Nassau, Den-
nis Dillon, and Nassau County Police, for
appellee.

Present FEINBERG and KATZMANN, Circuit Judges, JOHN GLEESON,[1] District Court Judge.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

Earl Strong and Tarika Strong, *pro se,* appeal from a district court judgment dismissing their complaint and district court orders denying their motion for reconsideration and denying their motion for monetary judgment from default.

■ In 1998 Earl Strong and his daughter Tarika Strong filed two complaints alleging conspiracy and a violation of their civil rights. One complaint named Maria Montalvo, Freddy Wilkenson, Freddy Wilkenson, Sr., Julia Wilkenson, Nancy Staub, and Diane Mallay as defendants and the other, the Nassau County Police, the district attorney of Nassau County, and Nassau County. The actions were consolidated by the district court in August 1998. The Strongs alleged that the defendants engaged in a conspiracy to make them move out of their neighborhood by harassing them, having them arrested, and falsely testifying in connection with that arrest. They asked for money damages in the amount of one million dollars and for a permanent injunction against the defendants from threatening or intimidating them. *Id.*

In August 1995, Earl Strong was arrested twice within 24 hours. The first arrest occurred on August 5, and was based on an altercation involving Strong at a neighborhood block party that afternoon. Strong's conduct at the block party result-ed in an assault charge and a (lesser included) harassment charge. He was convicted of both, but the assault conviction was overturned on appeal. *People v. Strong,* 179 Misc.2d 809, 689 N.Y.S.2d 341, 342 (App.Term.1999). Earl Strong's civil rights lawsuit does not arise out of his first arrest.

Earl Strong's lawsuit before this Court is based exclusively upon the second arrest, and the harassment charge arising out of it. This arrest occurred on August 6, when he went to the police station to inquire why his daughter had been arrested, and is based on comments Strong allegedly shouted in the direction of his neighbors' home on the evening of August 5, after he returned home from the police station following his first arrest. At trial, Strong was charged with one count of harassment arising out of these alleged comments, and was acquitted of that charge.

The district court granted summary judgment to the defendants and dismissed the complaint as to Earl Strong based on his harassment conviction. This Court reviews orders granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999). We believe that the district court's dismissal based on Strong's harassment conviction reflects a factual misunderstanding of the harassment charges upon which the complaint is based. Because Strong was acquitted of the harassment charge arising out of his alleged comments on the *evening* of August 5, he received the favorable termination he

---

1. The Honorable John Gleeson, Judge of the Eastern District of New York, sitting by desig-nation.

needs to sustain his malicious prosecution claim. *See Russell v. Smith*, 68 F.3d 33, 36 (2d Cir.1995). As for the false arrest claim, the issue of whether there was probable cause for Strong's second arrest cannot be determined on a motion for summary judgment because the facts surrounding Strong's conduct on the evening of August 5 are in dispute. *See Weyant v. Okst*, 101 F.3d 845, 855 (2d Cir.1996). Moreover, *Heck v. Humphrey*, 512 U.S. 477, 484–86, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), does not bar his claim because his assertion that there was no probable cause to arrest him for harassing his neighbors on the evening of August 5 does not, in effect, challenge his conviction for harassment earlier that day during the block party fracas.

We conclude that in light of the fact that the harassment charge that resulted in the conviction seems sufficiently unrelated to the harassment charge that underlies the claim, Earl Strong's claim should be reinstated. Although the district court did indicate that "it would be fully justified in dismissing Mr. Strong's case in its entirety based solely" on an apparent submission of an altered document by Earl Strong, this Court is reluctant to uphold the grant of summary judgment as to Earl Strong's claim on that basis alone without additional evidence of notice and the opportunity to be heard on that particular ground for dismissal. Therefore, we reverse the district court's grant of summary judgment.

The district court also dismissed the complaint as to Tarika Strong as a sanction for her failure to comply with discovery orders. This Court reviews the imposition of sanctions under both Fed. R.Civ.P. 16 and 37 under an abuse of discretion standard. We conclude that the district court did not abuse its discretion in light of Tarika Strong's repeated refusals to comply with discovery orders.

The standard of review of a district court order granting or denying a motion for reconsideration under Fed.R.Civ.P. 60(b) is abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998). We conclude that the district court did not err in finding that Earl Strong could not sustain a civil rights complaint and in finding that Tarika Strong's continuous disregard of discovery orders merited the sanction of dismissal. The Strongs also argue that the motion should be granted because the Wilkensons' counterclaims should not have been dismissed. This Court reviews such voluntary dismissals under Fed.R.Civ.P. 41 only for an abuse of discretion. *See Zagano v. Fordham University*, 900 F.2d 12 (2d Cir. 1990). We conclude that the dismissal of the Wilkensons' counterclaims did not prejudice either Earl or Tarika Strong. Thus, the district court did not abuse its discretion in denying the motion for reconsideration.

The Strongs also made a motion to sanction all of the appellees for not serving their briefs in accordance with this Court's scheduling order. First, not all of the appellees filed their briefs late, and second, appellees are not required to file briefs. Thus, the sanction requested, that this Court "grant the appeals," is unavailable.

The Strongs also filed a motion asking this Court to charge appellee Staub's attorney with fraud and perjury for lying about facts in the case. We conclude that there is no merit to this claim.

Finally, although the district court did order a default judgment to be entered against the county defendants on March 18, 1999, the record indicates that this order was set aside, as permitted by Rule 55(c), on March 26, 1999. This decision was reviewed by another district judge on

a "motion for monetary judgment from default" made by plaintiffs, and was denied on April 27, 2001. On this record, we do not find an abuse of discretion by the district court.

Accordingly, for the reasons discussed, Earl Strong's claim should be reinstated. In all other respects, the judgment of the district court is hereby **AFFIRMED** and all pending motions dismissed.